[Cite as *State v. Baldwin*, 2021-Ohio-4602.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| BRET D. BALDWIN | : | Case No. 2021 AP 06 0013 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
Pleas, Case No. 2020 CR 01 0012


JUDGMENT:        Reversed and Remanded


DATE OF JUDGMENT:        December 29, 2021


APPEARANCES:

For Plaintiff-Appellee

KRISTINE W. BEARD
125 E. High Ave.
New Philadelphia, OH 44663

For Defendant-Appellant

DAVID V. PATTON
34194 Aurora Road
Suite 242
Solon, OH  44139

*Wise, Earle, J.*

{¶ 1}　Defendant-Appellant Bret D. Baldwin appeals the May 15, 2021 judgment of the Tuscarawas County Court of Common Pleas which denied his Motion to Modify Sentencing Order. Plaintiff-Appellee is the state of Ohio.

### Facts and Procedural History

{¶ 2}　A recitation of the underlying facts leading to appellant's convictions is unnecessary to our resolution of this appeal.

{¶ 3}　On May 17, 2020, Appellant pled guilty to one count each of domestic violence, having weapons under disability, abduction, and disrupting public services. On July 15, 2020, following a presentence investigation, the trial court sentenced Appellant to a four-year term of community control. Conditions of Appellant's community control included a requirement that he refrain from the use of THC in any form. THC is the main psychoactive compound in marijuana.

{¶ 4}　On February 19, 2021, Appellant, through counsel filed a Motion to Modify Sentencing Order. Appellant legally possesses a medical marijuana card which was issued on July 15, 2019. Appellant uses or used medical marijuana to manage his post-traumatic stress disorder (PTSD). Appellant's motion therefore sought to eliminate the condition that he refrain from the use of THC. Appellant's motion included a letter from Mark A. Welty, Ph.D., LPCC-S, LSW describing his work with Appellant in addressing his PTSD and a copy of Appellant's medical marijuana card.

{¶ 5}　The state's response to Appellant's motion argued the motion was a petition for post-conviction relief and was further barred by the doctrine of res judicata because Appellant had failed to raise the issue before the trial court or in a direct appeal.

{¶ 6}   On May 5, 2021 the trial court agreed with the state and denied the motion.

{¶ 7}   Appellant timely filed an appeal and the matter is now before this court for consideration. He raises five assignments of error for our consideration as follow:

I

{¶ 8}   "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO MODIFY THE COMMUNITY CONTROL CONDITIONS REGARDING MARIJUANA USE BECAUSE SUCH A MODIFICATION IS REQUIRED PURSUANT TO THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION'S RIGHT TO MEDICAL CARE."

II

{¶ 9}   "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO MODIFY THE COMMUNITY CONTROL CONDITIONS REGARDING MARIJUANA USE BECAUSE SUCH A MODIFICATION IS REQUIRED PURSUANT TO ARTICLE I, § 9 OF THE OHIO CONSTITUTION'S RIGHT TO MEDICAL CARE."

III

{¶ 10} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO MODIFY THE COMMUNITY CONTROL CONDITIONS REGARDING MARIJUANA USE BECAUSE SUCH A MODIFICATION IS REQUIRED PURSUANT TO THE FEDERAL EQUAL PROTECTION CLAUSE."

IV

{¶ 11} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO MODIFY THE COMMUNITY CONTROL CONDITIONS REGARDING MARIJUANA USE BECAUSE SUCH A MODIFICATION IS REQUIRED PURSUANT TO THE OHIO EQUAL PROTECTION CLAUSE."

V

{¶ 12} "THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL CONDITIONS REGARDING MARIJUANA USE BECAUSE THESE CONDITIONS ARE UNCONSTITUTIONAL AS APPLIED TO MR. BALDWIN."

I, II, III, IV, V

{¶ 13} Because we find Appellant's Motion to Modify Community Control was not a motion for postconviction relief, and should not have been treated as such, we do not reach his constitutional challenges.

{¶ 14} In *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131 at syllabus, the Supreme Court of Ohio found:

> Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking **vacation or correction** of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.

{¶ 15} Emphasis added.

{¶ 16} While Appellant's Motion to Modify Sentencing Order did set forth constitutional arguments, he was not seeking to vacate or correct his sentence of four

years community control. Rather, he was seeking modification of the conditions of his community control.

{¶ 17} R.C. 2929.25(B) addresses community control modifications. It provides the trial court with the authority to modify the conditions of community control as long as the duration of community control has not expired:

> (B) If a court sentences an offender to any community control sanction or combination of community control sanctions pursuant to division (A)(1)(a) of this section, the sentencing court retains jurisdiction over the offender and the period of community control for the duration of the period of community control. **Upon the motion of either party** or on the court's own motion, the court, in the court's sole discretion and as the circumstances warrant, **may modify the community control sanctions or conditions of release previously imposed**, substitute a community control sanction or condition of release for another community control sanction or condition of release previously imposed, or impose an additional community control sanction or condition of release.

{¶ 18} Emphasis added.

{¶ 19} Because the trial court retains jurisdiction to modify the terms and conditions of a criminal defendant's community control for the duration of the period of community control, the trial court erred in treating Appellant's Motion to Modify Sentencing Order as

a petition for postconviction relief. We therefore reverse the trial court's judgment and remand this matter to the trial court for its consideration of the merits of Appellant's motion.

{¶ 20} The judgment of the Tuscarawas Court of Common Pleas is reversed and remanded.

By Wise, Earle, J.

Baldwin, P.J. and

Delaney, J. concur.

EEW/rw